**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0448n.06

**No.  08-2598**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 22, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONNIE MELVIN FLOWERS,

      Defendant-Appellant.

                                    /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

OPINION

BEFORE:    SILER and CLAY, Circuit Judges; and GRAHAM, District Judge.[*]

**CLAY, Circuit Judge.**  Defendant, Ronnie Melvin Flowers, pled guilty to possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Defendant challenges the applicability of the ten-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm during and in relation to a drug trafficking crime.  He was sentenced to 120 months for the firearm charge and 60 months for possession with intent to distribute, to run consecutively, and now appeals from that judgment.  For the reasons set forth below, the district court's application of the ten-year mandatory consecutive minimum is **AFFIRMED**.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

## BACKGROUND

Defendant was arrested during a lawful traffic stop in Kalamazoo, Michigan on October 17, 2007, at which time he was a passenger in the vehicle, which was driven by his girlfriend. Defendant originally provided a false name, but when the police officers learned his real name, he was arrested on an outstanding warrant. A search of Defendant yielded a small bag of marijuana, $473.00 in small currency, three cigars, and two empty baggies. A search of the vehicle uncovered a bag of marijuana and a .22 revolver with an obliterated serial number under the passenger seat where Defendant had been sitting. Several bags of marijuana were found in the passenger side glove box. More drugs and drug paraphernalia, including a plastic bag containing 11.42 grams of crack cocaine, were found in the rear of the vehicle. Defendant's girlfriend claimed the drugs, gun, and drug paraphernalia belonged to her, but later admitted that the items belonged to Defendant and that she had lied to protect him.

After Defendant was arrested, both he and his girlfriend described a shooting that occurred on October 12, 2007 at which Defendant used the firearm recovered at the stop. That shooting was between Defendant and another drug dealer from whom Defendant admitted stealing ten pounds of marijuana and jewelry on October 11, 2007. The other drug dealer allegedly fired the first shots at Defendant's girlfriend, and Defendant returned fire allegedly in defense of his girlfriend. Defendant also admitted being in possession of the same firearm when he robbed the other drug dealer. Finally, Defendant admitted that the marijuana recovered in the traffic stop was the stolen marijuana from October 11, 2007.

Defendant was indicted by a federal grand jury on March 27, 2008 in a four-count indictment: Count One – possession with intent to distribute marijuana from on or about October 11, 2007, to on or about October 17, 2007, in violation of 21 U.S.C. § 841(a)(1); Count Two – possession of a firearm during and in relation to the drug trafficking crime in Count One, in violation of 18 U.S.C. § 924(c)(1)(A); Count Three – possession with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1); and Count Four – being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On July 18, 2008, Defendant pled guilty to Counts Two and Three. Defendant filed a sentencing memorandum, and the government filed a response addressing, in part, the applicability of the ten-year mandatory minimum pursuant to § 924(c)(1)(A)(iii). The government also moved to release the ten-year mandatory minimum for Count Three and for a two-level downward departure for substantial assistance from the 120 months guidelines sentence regarding that count.

At the November 19, 2008, sentencing hearing, Defendant argued that he should not be subject to the ten-year mandatory minimum because the discharge of his firearm was in defense of himself and his girlfriend. Defendant's girlfriend testified about the armed robbery, during which she claimed Defendant told her he fired into the other drug dealer's vehicle, and about the shooting the next day. She also testified that it was the same firearm used in the robbery and shooting that was found during the traffic stop. Officer Karen Rivard testified that Defendant admitted the shooting began as payback for the theft of the marijuana. Defendant also testified, denying that he told his girlfriend that he had shot into the vehicle during the October 11, 2007 robbery, but otherwise admitting that his girlfriend's testimony was essentially correct.

3

The district court overruled Defendant's objection to the ten-year mandatory minimum, finding that Defendant discharged the firearm during and in relation to the crime of possession with intent to distribute marijuana. While noting the possibility of mixed motives on the part of Defendant at the shooting on October 12, 2007, the district court found that it "strains credulity to say that it had nothing to do with the theft of the marijuana or that it had nothing to do with drug trafficking." (Dist. Ct. Doc. No. 54, Sen. Tr. at 65). The district court granted the government's motions, departed downward by four-levels, and sentenced Defendant to 120 months' incarceration for Count Two and 60 months' for Court Three, to run consecutively. This timely appeal followed.

## DISCUSSION

### I. Standard of Review

This Court reviews factual findings of the district court for clear error. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). A clear error has occurred when, after reviewing all the evidence, "we are left with the definite and firm conviction that a mistake has been made." *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008); *United States v. Worley*, 193 F.3d 380, 384 (6th Cir. 1999).

### II. Analysis

Defendant appeals the application of a ten-year mandatory minimum rather than a five-year mandatory minimum for Count Two of the indictment. The statute under which this dispute arises reads, in relevant part, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or

who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> . . .
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The discharge element is not an element of the offense that must be proved beyond a reasonable doubt; rather it is a sentencing factor that may be found by a preponderance of the evidence by the sentencing judge. *See United States v. Harris*, 397 F.3d 404, 414 n.5 (6th Cir. 2005).

At the time of sentencing, there was a circuit split regarding whether the intent element of the statute requires that the defendant also intend to discharge the firearm during the offense. *Compare United States v. Dean*, 517 F.3d 1224, 1229 (11th Cir. 2008) (no intent requirement for discharge sentencing factor), *with United States v. Brown*, 449 F.3d 154, 156 (D.C.Cir. 2006) (general intent requirement for discharge sentencing factor). However, the Supreme Court has since held that no such intent requirement is contained in the statute. *Dean v. United States*, --- U.S. ---, 129 S.Ct. 1849, 1853 (2009) (brandishing subsection, § 924(c)(1)(A)(ii), contains intent element imbedded in definition of brandishing, but discharge provision does not). In *Dean*, the defendant accidentally discharged his firearm during a bank robbery, and the Supreme Court found that the ten-year mandatory minimum under § 924(c)(1)(A)(iii) was appropriately applied. Therefore, the only requirement for applying the ten-year mandatory minimum under § 924(c)(1)(A)(iii) is that the firearm be discharged at some point during the underlying offense. *Id.* at 1853-54.

The question in the instant case then becomes whether it was a clear error for the sentencing judge to find that the October 12, 2007 shooting was during and in relation to the drug trafficking

crime. Defendant's primary argument on appeal is that he only discharged his firearm in protection of his girlfriend, which he frames as an issue of intent. That argument is foreclosed by *Dean* since cases regarding criminal prosecutions decided by the Supreme Court are generally binding on cases still pending in the lower courts. *See Griffith v. Kentucky*, 479 U.S. 314, 322-323 (1987) ("But after we have decided a new rule in the case selected, the integrity of judicial review requires that we apply that rule to all similar cases pending on direct review.").

The crux of the case is whether the shootout was during and in relation to the drug trafficking crime. Defendant admitted that the shooting was at least in part motivated by his robbery of the other drug dealer on the day before the shooting. The proceeds from that robbery included the marijuana recovered in the traffic stop that supported the underlying offense of drug trafficking. He also admitted to possessing the firearm during the entire period of the alleged drug trafficking crime – from October 11, 2007 to October 17, 2007 – a period including the date of the shooting.

Certainly not every discharge of the firearm that could conceivably happen during the relevant time period could be construed as during and in relation to the underlying drug trafficking crime. For example, if the firearm had accidentally discharged while Defendant was cleaning it at home on October 13, 2007, without any other persons in the vicinity, we may not find that discharge to be during and in relation to a drug trafficking crime. However, it seems readily apparent that a shootout between the Defendant and the drug dealer from whom he stole marijuana from a day before was during and in relation to the drug trafficking crime of possession with intent to distribute that very same marijuana. Therefore, it was not clear error for the district court to determine that Defendant discharged his firearm during and in relation to the crime of possession with intent to

6

distribute marijuana. Defendant was properly deemed to be subject to the ten-year mandatory minimum consecutive sentence.

## CONCLUSION

For the reasons set forth above, we uphold the district court's finding that Defendant is subject to the mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(iii) and **AFFIRM** the sentence imposed.